WESTERN UNION TELEGRAPH CO. v. FOREST.   (No. 5478.)†

(Court of Civil Appeals of Texas. San Antonio. May 12, 1915. Rehearing Denied June 9, 1915.)

1. TELEGRAPHS AND TELEPHONES &65—DELAY IN DELIVERY OF MESSAGE—ACTIONS—PLEADING.

In an action for delay in delivery of a telegram advising plaintiff that his child was not expected to live through the night, the petition alleged that if the telegram had been delivered with ordinary promptness, plaintiff, by taking a certain route, would have been at the bedside of the child by about 1 o'clock a. m. *Held*, that this raised an issue as to whether, had the telegram been promptly delivered, he would have reached the child before its death at 6 a. m.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 54–60; Dec. Dig. &65.]

2. TELEGRAPHS AND TELEPHONES &73—DELAY IN DELIVERY OF MESSAGE—ACTIONS—QUESTIONS FOR JURY.

In such action, evidence *held* to make a question for the jury as to whether plaintiff would have reached the child's bedside before it died had the telegram been delivered with ordinary promptness.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 76; Dec. Dig. & 73.]

Appeal from District Court, Liberty County; J. Llewellyn, Judge.

Action by Walter Forest against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed on condition that plaintiff file remittitur.

See, also, 157 S. W. 204.

Geo. H. Fearons, of New York City, and Hume & Hume, of Houston, for appellant.

CARL, J. Appellee sued appellant for damages by reason of the negligent failure of the appellant to deliver promptly the following telegram:

"Groveton, Texas, 5/18/09.
"Walter Forest, Milvid, Texas—Baby is a good deal worse. Do not except he will live through the night.          Forby Forest."

[1] It was alleged that the telegram was received at Milvid, Tex., about 5:35 p. m. on May 18th, but it was not delivered to appellee until about 8 a. m. the next day; that the child died about 6 a. m.; that if the telegram had been delivered with ordinary care or promptness, appellee could and would have taken the Sante Fé train at Milvid about 7:30 p. m., which would have taken him to Cleveland, Tex., where he would have changed cars and caught the Houston, East & West Texas train from Cleveland to Corrigan, and at Corrigan he could and would

have hired a team and driven to Groveton, where the child died; that there were two parties conducting livery stables at Corrigan, and had teams for hire, and by said route and means he would have been at the bedside of his sick child by about 1 o'clock a. m. on the 19th of May prior to its death. The other allegations it is not necessary to state here.

[2] The pleadings and the evidence were ample for the question, as to whether appellee could have reached the child before it died, to be submitted to the jury. The plaintiff testified that he could have gone from Corrigan to Groveton in 3 to 3½ hours; that he had done so before, only a short time; and that there was a livery stable there which kept teams for hire, as well as another man from whom he had formerly hired a team for the trip. While this man did not keep a livery stable, he did hire his teams out for this trip, and had hired one to the plaintiff. The defendant's witnesses place the time necessary to make the trip all the way from 4 to 4½ hours up to as much as 6 or 7 hours. The train reached Corrigan at 11:59 p. m., and since the child died at 6 o'clock in the morning, if it took 6 hours or more to make the trip, he could not have reached its bedside before it died. The jury evidently believed that appellee could have reached Groveton in less than six hours, and the evidence was sufficient to support that finding.

We have carefully considered all assignments of error, and find them without merit, except the one which complains that the verdict and judgment are excessive, being for the sum of $1,995, the full amount claimed. The trial court required a remittitur of $745, which was entered, so that the judgment of the court finally was for the sum of $1,250. A careful scrutiny of all the evidence leads us to the conclusion that the amount awarded appellee is excessive, and could only have resulted from prejudice or passion on part of the jury, and that the judgment is yet too large.

Therefore, if within 20 days from this date appellee shall file a further remittitur in the sum of $250, the judgment will be affirmed for the sum of $1,000; otherwise the judgment will be reversed and the cause remanded.